HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL GOUGH, et al.,

    Plaintiffs,

v.

PEACEHEALTH ST. JOSEPH
MEDICAL CENTER,

    Defendant.

CASE NO. C12-346 RAJ

ORDER

This matter comes before the court on plaintiffs' motion to appoint counsel. Dkt. # 81. Plaintiffs, husband and wife, are deaf individuals who communicate primarily through American Sign Language. In their complaint, plaintiffs allege claims for violation of the Americans with Disabilities Act ("ADA") and Washington Law against Discrimination ("WLAD"), alleging that defendant failed to provide qualified interpreters for effective communication with defendant's medical personnel for the bulk of Mr. Gough's hospitalization, thereby denying plaintiffs the benefit of meaningful participation in medical treatment. Dkt. # 1. Trial was held in August 2013. The jury found that plaintiffs did not prove that defendant violated the WLAD. Dkt. # 67. However, they could not come to an agreement regarding whether defendant violated the

ADA. *Id.*; Dkt. # 62. The court accepted a partial verdict and declared a mistrial on the ADA claim for which the jury was unable to reach a verdict. Dkt. # 62.

Several months after trial, the court granted plaintiffs' counsel's motion for leave to withdraw as counsel. Dkt. # 79. Plaintiffs are now proceeding pro se. On December 23, 2013, the court ordered plaintiffs to show cause by January 31, 2014, why this case should not be dismissed for failure to prosecute because it was unclear to the court whether plaintiffs intended to continue with their ADA claim. Dkt. # 80. The court also struck the trial date. *Id.* On December 24, 2013, plaintiffs filed a motion to appoint counsel. Dkt. # 81. Accordingly, it appears that plaintiffs intend to re-try their ADA claim.

This District has implemented a plan for court-appointed representation of civil rights litigants. The plan currently in effect requires the court to assess a plaintiff's case before forwarding it to a pro bono screening committee for further review and a possible appointment of pro bono counsel. *See* General Order, August 1, 2010, Section 3(c) (In re Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions). The court believes that there is an adequate basis to refer this case to the screening committee.

Under Section 3(c) of the District's pro bono plan, the court directs the Clerk of Court to forward plaintiffs' motion for appointment of counsel (Dkt. # 81), the complaint (Dkt. # 1), the court's order denying summary judgment (Dkt. # 26), the court's order on motions *in limine* (Dkt. # 44), the jury verdict (Dkt. # 67), and other relevant documents to the screening committee. *See* General Order, August 1, 2010, Section 3(c). Once the court receives the screening committee's recommendation as to whether the court should appoint counsel, the court will address plaintiffs' motion. *See* General Order, August 1, 2010, Section 3(f).

Finally, plaintiffs shall review the pro bono plan, available at http://www.wawd.uscourts.gov/sites/wawd/files/08-12-10GOAdoptingAmendedProBonoPlan.pdf (last visited on December 30, 2013).

1     Dated this 30th day of December, 2013.

                                                                               _/s/ Richard A. Jones_____

                                                                               The Honorable Richard A. Jones
                                                                               United States District Judge